FRANKENBURG v. UNITED STATES.

(Circuit Court, S. D. New York. December 5, 1896.)

No. 1,264.

CUSTOMS DUTIES—NOTICE OF PROTEST.
When the practice at the customhouse permits the giving of notice of a pro-test by leaving it in a certain office, and such a notice is left in the proper place, after business hours, on the last day for giving notice, the last day being a holiday, on which the customhouse is closed by special order, though not by law, and the notice remains in the office during such last day, it is in time, and entitled to consideration.

This was an appeal by H. E. Frankenburg from a decision of the board of general appraisers sustaining the refusal of the collector of the port of New York to entertain a protest against the liquidation of duties on certain merchandise, imported by the appellant, on the ground that notice of such protest was given too late.

Stephen G. Clarke, for plaintiff.
James T. Van Rensselaer, Asst. U. S. Atty.

WHEELER, District Judge. The statute requires an appellant to "give notice in writing to the collector," within 10 days. 26 Stat. 137, § 14. By understanding and practice, this notice is not given to the collector in person, but is left with a clerk or on his desk, where it will be found by him, in a room of the customhouse. In this case the duties were liquidated on October 29th. On November 7th, after business hours and departure of the clerk, a notice was left on his desk. On the 8th, which was election day, the customhouse was, at the request of the collector, closed for all but special purposes, not concerning this, by direction of the secretary of the treasury, and this clerk was not there. On the 9th he found the notice there, in the proper place, and stamped it as received then. The appeal was rejected, because this was thought to be too late. As the col-lector consented to take notice in that way, notice given in that way would, if in time, be sufficient. The 8th was in time, and the notice was there. That was not a legal holiday, on which the customhouse would, as on Sunday, be closed for this purpose, and so not a day on which people would be bound to take any notice that it would be so closed. This closing was, in effect, as if the collector had closed the customhouse, or this clerk had stayed away, for any purpose of his own. The appellant had no occasion to go there on the 8th to leave the notice, for it was already there; and he had a right to act with refer-

ence to it as there. Had he waited till the 8th, and failed to leave it, because the customhouse was so closed, a different question might be presented. Now, the appellant appears to have been in ample time, and entitled to have his appeal considered. Decision reversed.